**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

MATTHEW MURPHY                    )        No. CV-11-589-TUC-CKJ
                                  )
        Plaintiff,                )
                                  )
vs.                               )        **ORDER**
                                  )
SEBIT, LLC dba ADAPTIVE           )
CURRICULUM, a limited liability   )
company; SEBIT EDUCATION AND      )
INFORMATION TECHNOLOGIES,         )
INC., a corporation; OGER TELECOM,)
a UAE entity; JACQUELINE MERCIER; )
PATRICIA MYERS; MABELLE           )
SONNENSCHEIN; JAMES BOWLER;       )
ARIZONA BOARD OF REGENTS dba      )
SKYSONG; and PAUL SKIERA,         )
                                  )
        Defendants.               )
_____)

Currently pending before this Court are Defendants' Myers and Bowler Motion to Dismiss [Doc. 12], Defendant Sebit, LLC's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(5) [Doc. 14], Defendant Sebit LLC's Motion for Change of Venue [Doc. 15], Defendant Arizona Board of Regents' Motion to Dismiss [Doc. 17], Defendants' Myers and Bowler Motion to Join in Request for Change of Venue, Defendant Oger Telecom's[1] Motion to Dismiss [Doc. 30] and Plaintiff's Motion to Set [Doc. 32] and Motion for Default Judgment [Doc. 38].  In its discretion, the Court finds this case suitable for decision without oral argument. *See* LRCiv. 7.2(f).  The Parties have adequately presented

---

[1]The Court notes that Defendant Oger Telecom is properly Defendant Oger Telecom Limited.  for purposes of this Order, the Court shall refer to it as "Oger."

1  the facts and legal arguments in their briefs and supporting documents, and the decisional
2  process would not be significantly aided by oral argument.

3  **I.    FACTUAL BACKGROUND**

4         On September 16, 2011, Plaintiff Matthew Murphy filed this *pro se* cause of action
5  against his former employer Sebit, LLC dba Adaptive Curriculum and several co-workers,
6  named individually.[2]  *See* Compl. [Doc. 1].  Plaintiff alleges that he was initially hired at
7  Adaptive Curriculum as a Special Projects Marketing Manager.  *Id.* at ¶ 18.  He was quickly
8  promoted to Interim Marketing Director.  *Id.* Shortly thereafter, Plaintiff was diagnosed with
9  prostate cancer.  *Id.* at 20.  He underwent prostate cancer surgery and returned to work full-
10 time.  *Id.* at 21.  Upon returning to work, Plaintiff inquired about paperwork regarding
11 disability insurance.  Pl.'s Compl. [Doc. 1] at ¶ 22.  The following day, Plaintiff was fired.
12 *Id.* This resulted in a cancellation of Plaintiff's insurance coverage.  *Id.*  At the time of his
13 firing, Plaintiff was informed that his position was being eliminated and the marketing
14 department restructured.  *Id.* at ¶ 23.  Subsequent to Plaintiff's termination, Defendant Sebit,
15 LLC dba Adaptive Curriculum began seeking to fill multiple positions in its marketing
16 department including Marketing Director.  *Id.*

17        Plaintiff also alleges that during the months of April through September 2009, his co-
18 worker Defendant Jacqueline Mercier made several inappropriate comments to him.  Pl.'s
19 Compl. [Doc. 1] at ¶ 26.  Plaintiff informed his employer's executive team, but no action was
20 taken.  *Id.* at ¶ 27.  Plaintiff further alleges that Defendant Mercier hit him on the forehead
21 with the palm of her hand.  *Id.*  Plaintiff and a witness to the event reported the incident to
22 the officer manager, who in turn informed Defendant Paul Skiera; however, no action was
23 taken.  *Id.*  In late October 2009, Plaintiff and Defendant Mercier met with the Human
24 Resources Director, Defendant Patricia Myers.  *Id.* at ¶ 29.  Defendant Myers informed
25 Defendant Mercier that she should not touch Plaintiff in any way.  Pl.'s Compl. [Doc. 1] at

26

27        [2]Plaintiff also names other corporate entities that have a relationship to or with Sebit, LLC,
28 *e.g.*, Oger Telcom and the Arizona Board of Regents.

¶ 30.   Subsequently, Defendant Mercier body-slammed Plaintiff and rubbed her breasts against him.  *Id.* at ¶ 31.  Plaintiff reported the unwanted contact to Defendant Myers, and no further action was taken.  *Id.*  In December 2009, Defendant Mercier patted Plaintiff on the head, which Plaintiff also reported.  *Id.* at ¶ 32.  In January 2010, Plaintiff informed Defendant Skiera that he could no longer work with Defendant Mercier. *Id.* at ¶ 33.  Plaintiff was allowed to hire another assistant.  Pl.'s Compl. [Doc. 1] at ¶ 33.

Plaintiff alleges claims for (1) violation of the Americans with Disabilities Act ("ADA"); (2) Sex Discrimination in violation of Title VII of the Civil Rights Act of 1964, § 701 *et seq.* ("Title VII"); (3) Hostile Work Environment in violation of  Title VII; (4) Retaliation in violation of Title VII; (5) Assault and battery; and (6) Intentional Infliction of Emotional Distress.

## II.    STANDARD OF REVIEW

A complaint is to contain a "short and plain statement of the claim showing that the pleader is entitled to relief[.]"  Rule 8(a), Fed. R. Civ. P.  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 677, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*  Dismissal is appropriate where a plaintiff has failed to "state a claim upon which relief can be granted."  Rule 12(b)(6), Fed. R. Civ. P.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 129 S.Ct. at 1949 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)).  Further, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citations omitted).  Additionally, the Court takes "all allegations of material

fact as true and construe[s] them in the light most favorable to the nonmoving party." *Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995) (citations omitted).

Rule 4(m), Federal Rules of Civil Procedure, governs the time for service and extensions thereof.  Fed. R. Civ. P. 4(m); *see also Henderson v. United States*, 517 U.S. 654, 116 S.Ct. 1638, 134 L.Ed.2d 880 (1996).  The interpretation of a procedural rule is a purely legal question.  *Mann v. American Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003).

Additionally, Plaintiff bears the burden to demonstrate that this Court has jurisdiction over Defendants.  *Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements, Ltd.*, 328 F.3d 1122, 1128-29 (9th Cir. 2003).  "[I]n the absence of an evidentiary hearing, [however,] the plaintiff need only make 'a prima facie showing of jurisdictional facts to withstand the motion to dismiss.'" *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1127 (9th Cir. 2010) (quoting *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006)). For purposes of Plaintiff's demonstration, the Court construes all disputed facts in the light most favorable to him.  *Pebble Beach Co.*, 453 F.3d at 1154.

## III.   ANALYSIS

Defendants' motions to dismiss each address different issues.  Accordingly, the Court will address the individual motions in turn.

### A.  Failure to Serve Within 120 Days

Defendant Sebit, LLC requests the Court pursuant to Rule 12(b)(5), Federal Rules of Civil Procedure, to dismiss this cause of action because Plaintiff served his Complaint on it 124 days after filing.

Rule 4(m), Federal Rules of Civil Procedure, provides in relevant part:

> If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).  Moreover, Rule 4(m), Fed. R. Civ. P., "explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect

service in the prescribed 120 days, and authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision **even if there is not good cause shown**." Fed. R. Civ. P. 4, advisory committee's note (emphasis added); *Henderson v. U.S.*, 517 U.S. 654, 662, 116 S.Ct. 1638, 1643, 134 L.Ed.2d 880 (1996); *Efaw v. Williams*, 473 F.3d 1038, 1040. As such, "[d]istrict courts have broad discretion to extend time for service under Rule 4(m)." *Id.* at 1041.

Plaintiff avers that he served Defendant Oger prior to the 120-day limitation, and because Defendant Oger is Defendant Sebit, LLC's parent company, service upon Defendant Sebit, LLC should be valid. Pl.'s Resp. to Def. Sebit, LLC's Mot. to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(5) [Doc. 19] at 2. Defendant asserts "that failure to serve within the 120-day period absent good cause mandates dismissal of the action." Def. Sebit, LLC's Mot. to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(5) [Doc. 14] at 2. Defendant Sebit, LLC misstates the law. As noted, *supra*, the 1993 amendments "accorded courts discretion to enlarge the 120-day period even if there is no good cause shown." *United States v. 2,164 Watches, More or Less, Bearing a Registered Trademark of Guess?, Inc.*, 366 F.3d 767, 772 (9th Cir. 2004) (citing *Henderson*, 517 U.S. at 663, 116 S.Ct. at 1638). Moreover, a district court may "extend time for service retroactively after the 120-day service period has expired." *Id.* (citing *Mann v. American Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003)). In deciding whether to extend the time for service, the Ninth Circuit Court of Appeals directs district courts to consider factors such as "a statute of limitations bar, prejudice to the defendant, actual notice of the lawsuit, and eventual service." *Efaw*, 473 F.3d at 1041.

Here, Plaintiff avers that the 120th day fell on a federal holiday and that he served the agents and officers named individually as defendants on the following business day. Pl.'s Resp. to Def. Sebit, LLC's Mot. to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(5) [Doc. 19] at 1. Plaintiff further avers that he served Defendant Oger within the 120-day limit. *Id.* at 2. Finally, it is undisputed that Defendant Sebit, LLC received service 124 days after Plaintiff's Complaint [Doc. 1] was filed. Irrespective of whether or not Plaintiff correctly interpreted the procedural rules, there is little, if any, prejudice to Defendant Sebit, LLC.

Defendant was served on January 18, 2012, within four (4) days after the expiration of the 120 days prescribed in Rule 4, Federal Rules of Civil Procedure, and as such received actual notice of the lawsuit.  The Court will extend Plaintiff's time for service up to and including January 18, 2012.  Accordingly, Defendant Sebit, LLC's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(5) is DENIED.

### B. Defendants Myers and Bowler

As an initial matter, Defendant Bowler seeks dismissal pursuant to Rule 12(b)(5), Federal Rules of Civil Procedure, in light of untimely service of process.  Defendants Myers and Bowler jointly seek dismissal for failure to state a claim upon which relief can be granted, and request attorneys' fees.

### 1.  Service of Process

For the reasons discussed, *supra*, the Court has extended Plaintiff's time for service to include January 18, 2012.  Accordingly, Defendant Bowler's motion to dismiss for untimely service of process is denied.

### 2.  Failure to State a Claim

Defendants Myers and Bowler assert that as individuals they cannot be subject to liability either under the ADA or Title VII.  They further assert that Plaintiff's Complaint does not identify either of them in any of the specific counts.  Therefore, Defendants Myers and Bowler seek dismissal pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, for failure to state a claim upon which relief can be granted.  Plaintiff avers that his alleged harm resulted in part from the inaction of Defendants Myers and Bowler, and as such they are proper parties to his Complaint.

The Ninth Circuit Court of Appeals has held that "individual defendants cannot be held liable for back pay" under Title VII.  *Padway v. Palches*, 665 F.2d 965, 968 (9th Cir. 1982).  The Ninth Circuit has also noted that "[t]he [Title VII] statutory scheme itself indicates that Congress did not intend to impose individual liability on employees." *Miller v. Maxwell's Internat'l, Inc.*, 991 F.2d 583, 588 (9th Cir. 1993).  Similarly, "[b]ecause Title I of the ADA adopts a definition of 'employer' and a remedial scheme that is identical to

Title VII, *Miller's* bar on suits against individual defendants also applies to suits brought under Title I of the ADA. *Walsh v. Nevada Dept. of Human Resources*, 471 F.3d 1033, 1038 (9th Cir. 2006). As such, Plaintiff cannot state a claim pursuant to the ADA or Title VII against Defendants Myers and Bowlers in their individual capacities. *Id.*; *Miller*, 991 F.2d at 588.

Additionally, Plaintiff's intentional tort claims against Defendant Mercier and Defendant Sebit, LLC do not implicate Defendants Myers and Bowler. To the extent that Plaintiff's failure to allege claims against these defendants was unintentional, the Court will allow him to seek leave to amend. *See* Fed. R. Civ. P. 15. In light of Plaintiff's failure to state any claims against Defendants Myers and Bowler, their motion to dismiss shall be granted.

### 3. Attorneys' Fees

Defendants Myers and Bowler seek attorneys' fees pursuant to Title VII and the ADA. 42 U.S.C. § 2000e(k); 42 U.S.C. § 12117(a). Defendants aver that Plaintiff's claims "were not made in good faith and instead were meant to harass these individual Defendants with no justifiable legal or factual grounds for filing suit against them." Defs. Myers and Bowler's Mot. to Dismiss [Doc. 12] at 6. The Court finds that Plaintiff's *pro se* misapprehension of the law does not equate with bad faith. Accordingly, Defendants Myers and Bowler's motion for attorneys' fees is denied.

### C. Notice of Claim

Defendant Arizona Board of Regents ("ABOR") contends that Plaintiff's state law claims are barred by Arizona's notice of claim statute. Section 12-821.01(A), Arizona Revised Statutes, provides as follows:

> Persons who have claims against a public entity or a public employee shall file claims with the person or persons authorized to accept service for the public entity or public employee as set forth in the Arizona rules of civil procedure within one hundred eighty days after the cause of action accrues. The claim shall contain facts sufficient to permit the public entity or public employee to understand the basis upon which liability is claimed. The claim shall also contain a specific amount for which the claim can be settled and the facts supporting that amount. Any claim which is not filed within one hundred

eighty days after the cause of action accrues is barred and no action may be maintained thereon.

A.R.S. § 12-821.01(A).   Furthermore, "[f]or purposes of this section, a cause of action accrues when the damaged party realizes he or she has been damaged and knows or reasonably should know the cause, source, act, event instrumentality or condition which caused or contributed to the damage." A.R.S. § 12-821.01(B).  The statute "requires that those persons asserting claims against pubic entities or public employees do so by *actually delivering* or ensuring that the actual delivery of the notice of claim to the appropriate person within the statutory period."  *Lee v. State*, 215 Ariz. 540, 544, 161 P.3d 583, 587 (Ct. App. 2007).  This requirement "constitutes a 'procedural rather than a jurisdictional requirement[.]" *McGrath v. Scott*, 250 F.Supp.2d 1218 (D.Ariz. 2003).  "The purpose of the statute is to allow the entity and employee the opportunity to 'investigate and assess their liability, to permit the possibility of settlement propr to litigation and to assist the public entity in financial planning and budgeting.'" *Harris v. Cochise Health Systems*, 215 Ariz. 344, 160 P.3d 223 (Ct. App. 2007) (citations omitted). "[P]laintiff's failure [to serve a notice of claim] 'bars any claim' against the entity or employee." *Id.* (*citing Salerno v. Espinoza*, 210 Ariz. 586 ¶7, 115 P.3d 626, 628 (Ct. App. 2005)).

Plaintiff does not dispute that he failed to file a Notice of Claim on ABOR within the one-hundred and eighty (180) day limit.  Accordingly, Defendant ABOR's motion to dismiss regarding Plaintiff's intentional tort claims, Counts 5 and 6, is granted.

*D.  Sovereign Immunity*

Defendant ABOR asserts that it is immune from liability pursuant to the Eleventh Amendment for Count I of Plaintiff's Complaint.  The Eleventh Amendment provides:

> The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state or by citizens or subjects of any foreign state.

U.S. Const. Amend. XI.  The Supreme Court of the United States has expressly held that "Congress is the final authority as to desirable public policy, but in order to authorize private individuals to recover money damages against the States, there must be a pattern of

1   discrimination by the States which violates the Fourteenth Amendment, and the remedy

2   imposed by Congress must be congruent and proportional to the targeted violation[,]" which

3   is not met by Title I of the ADA. *Bd. of Trustees of the Univ. of Alabama v. Garrett*, 531

4   U.S. 356, 374, 121 S.Ct. 955, 967-68, 148 L.Ed.2d 866 (2001). As such, "Congress did not

5   validly abrogate the States' sovereign immunity from suit by private individuals for money

6   damages under Title I [of the ADA]." *Id.* at n. 9, 121 S.Ct. at 968 n. 9. Defendant ABOR,

7   therefore, cannot be held liable for Count 1 of Plaintiff's Complaint [Doc. 1].

8        *E. ABOR as Employer*

9        Defendant ABOR seeks dismissal of Plaintiff's Title VII claims on grounds that it was

10  not his employer and therefore cannot be held liable. Def. ABOR's Mot. to Dismiss [Doc.

11  17] at 3. Defendant ABOR contends that it is a legally-distinct entity from Defendant Sebit,

12  LLC and that Plaintiff was hired and terminated only by Defendant Sebit, LLC. Def.

13  ABOR's Reply in Support of Mot. to Dismiss [Doc. 29] at 4-5.

14       Defendant ABOR also contends, for the first time in its Reply brief, that "[e]ven if

15  ABOR was considered Plaintiff's employer, his Title VII claim is still barred by his failure

16  to timely file a Charge of Discrimination with the Equal Employment Opportunity

17  Commission against ABOR." *Id.* at 5. "It is well established in [the Ninth Circuit] that [the

18  general rule is that [litigants] cannot raise a new issue for the first time in their reply briefs.'"

19  *Northwest Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 917, 924 (9th Cir. 1988)

20  (quoting *United States v. Birtle*, 792 F.2d 846, 848 (9th Cir. 1986)). As such, this Court will

21  not consider Defendant ABOR's argument regarding Plaintiff's failure to file with the EEOC.

22       Plaintiff alleges that he was employed by Defendant Sebit, LLC in partnership with

23  Defendant ABOR. Pl.'s Compl. [Doc. 1] at ¶ 2. Plaintiff further alleges that Defendant Paul

24  Skiera "served in a dual role with ASU SkySong and Adaptive[.]" Pl.'s Compl. [Doc. 1] at

25  ¶ 25. Plaintiff reported several incidents to Defendant Skiera as a member of his employer's

26  executive team. *See* Pl.'s Compl. [Doc. 1] at ¶¶ 25-33.

27       "The term 'employer' under the Title VII and the ADEA liability schemes is defined

28  to include any agent of the employer." *Miller v. Maxwell's Internat'l Inc.*, 991 F.2d 583, 588

1   (9th Cir. 1983) (*citing* 42 U.S.C. § 2000e(b); 29 U.S.C. §§ 620(b), 203(d)).   Plaintiff's

2   Complaint [Doc. 1] alleges that he suffered an adverse employment action, as well as was

3   subjected to a hostile work environment, in part because of Defendant Skiera's failure to act.

4   *See* Pl.'s Compl. [Doc. 1].   Construed liberally, Plaintiff further alleges that Defendant Skiera

5   is an agent of Defendant ABOR.   The Court is mindful that Defendant ABOR seeks

6   dismissal pursuant to Rule 12(b)(6).   At this stage of the litigation, Plaintiff has sufficiently

7   stated claims against Defendant ABOR under Title VII.   As such, Defendant ABOR's motion

8   to dismiss regarding Plaintiff's Counts 2 through 4 will be denied.

9       *F. Oger*

10      Defendant Oger seeks dismissal for three reasons including (1) the Court lacks

11  personal jurisdiction; (2) it was not Plaintiff's employer; and (3) Plaintiff failed to exhaust

12  his administrative remedies against it.

13          1.  Personal Jurisdiction

14      "When, as here, subject matter jurisdiction is premised on a federal question, the

15  exercise of personal jurisdiction over a non-resident defendant must be authorized by a rule

16  or statute and consonant with the constitutional principles of due process." *Glencore Grain*

17  *Rotterdam B.V. v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114, 1123 (9th Cir. 2002).

18  Arizona's long-arm statute allows courts to exercise personal jurisdiction over defendants

19  to the extent allowed by the Due Process Clause of the United States Constitution. *See* Ariz.

20  R. Civ. P. 4.2(a) ("A court of this state may exercise personal jurisdiction over parties,

21  whether found within or outside the state, to the maximum extent permitted by the

22  Constitution of this state and the Constitution of the United States.").   The personal

23  jurisdiction requirement derived from the Due Process Clause "represents a  restriction on

24  judicial power not as a matter of sovereignty, but as a matter of individual liberty." *Ins.*

25  *Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702, 102 S.Ct. 2099,

26  2105, 72 L.Ed.2d 492 (1982).   Thus, this Court must consider whether exercising personal

27  jurisdiction over the Defendant meets the requirements of due process. *See Harris Rutsky*

28  *& Co. Ins. Services, Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1129 (9th Cir. 2003).

1    As the United States Supreme Court has memorably stated "due process requires only

2  that in order to subject a defendant to a judgment in personam, if he be not present within the

3  territory of the forum, he have certain minimum contacts with it such that the maintenance

4  of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe*

5  *Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945) (quoting

6  *Milliken v. Meyer*, 311 U.S. 457, 463, 61 S.Ct. 339, 343, 85 L.Ed. 278 (1940)).  Personal

7  jurisdiction may be classified as either general or specific, dependant upon the nature of the

8  foreign defendant's contacts with the forum.  *Glencore*, 284 F.3d at 1123.  "[A] defendant

9  whose contacts are substantial, continuous and systematic is subject to a court's general

10  jurisdiction even if the suit concerns matters not arising out of his contacts with the forum."

11  *Id.* (citations omitted).  Alternatively, "[a] court exercises specific jurisdiction where the

12  cause of action arises out of or has a substantial connection to the defendant's contacts with

13  the forum." *Id.* (citing *Hanson v. Denckla*, 357 U.S. 235, 251, 78 S.Ct. 1228, 1238, 2 L.Ed.

14  2d 1283 (1958)).  In the present case, there is no evidence to support the "substantial,

15  continuous, and systematic" contacts required to invoke general jurisdiction upon Defendant

16  Oger.  The record before the Court indicates that Defendant Oger does not have employees

17  or solicit business in the State of Arizona.  Accordingly,  if this Court finds personal

18  jurisdiction over the Defendant, it must be an exercise of specific jurisdiction.

19    **a.    Specific Jurisdiction**

20    The Ninth Circuit applies the following three-part test to evaluate whether exercising

21  specific jurisdiction is proper:

22    (1) the non-resident defendant must purposefully direct his activities or
     consummate some transaction with the forum or resident thereof; *or* perform
23    some act by which he purposefully avails himself of the privileges of
     conducting activities in the forum, thereby invoking the benefits and
24    protections of its laws; (2) the claim must be one which arises out of or relates
     to the defendant's forum-related activities; and (3) the exercise of jurisdiction
25    must comport with fair play and substantial justice, i.e., it must be reasonable.

26  *Harris Rutsky,* 328 F.3d at 1129 (citations omitted) (emphasis in original).  "If any of the

27  three requirements is not satisfied, jurisdiction in the forum would deprive the defendant of

28

due process of law." *Omeluk v. Langsten Slip & Batbyggeri*, 52 F.3d 267, 270 (9th Cir. 1995).

### *i. Purposeful Availment*

"Th[e] 'purposeful availment' requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' fortuitous,' or 'attenuated' contacts, or of the 'unilateral activity of another party or a third person.'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475, 105 S.Ct. 2174, 2183, 85 L.Ed.2d 528 (1985) (internal citations omitted). Jurisdiction can only properly lie "where the contacts proximately result from actions by the defendant *himself* that create a 'substantial connection with the forum State." *Id.*, 105 S.Ct. at 2184.  Indeed, as the United States Supreme Court has stated:

> The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State.  The application of that rule will vary with the quality and nature of the defendant's activity, but it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.

*Hanson*, 357 U.S. at 252, 78 S.Ct. at 1239-40.  "A parent corporation's relationship with its subsidiary may confer personal jurisdiction over the parent if the subsidiary is acting as the parent company's alter ego, 'so as to justify disregard of the corporate entity[.]'" *AT & T v. Compagnie Bruxelles Lambert*, 94 F.3d 586 (9th Cir. 1996) (citations omitted).  Because the Court is ruling on this issue without an evidentiary hearing, "dismissal is appropriate only if the plaintiff has not made a prima facie showing of personal jurisdiction." *Id.* (citations omitted).  In order to determine whether Plaintiff has met this burden, the "uncontroverted allegations in [his] complaint must be taken as true, and 'conflicts between the facts contained in the parties' affidavits must be resolved in [Plaintiff's] favor." *Id.* (citations omitted).

Here, Plaintiff claims that Defendant Oger "is an integrated enterprise with Sebit, LLC." Pl's Compl. [Doc. 1] at ¶ 5. This Court is not required to accept conclusory statements as a factual basis.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007); *Mann v. City of Tucson*, 782 F.2d 790, 793 (9th Cir. 1986) ("Although we must, in general, accept the facts alleged in the complaint as true, wholly

1  vague and conclusory allegations are not sufficient to withstand a motion to dismiss.") *See*

2  *also Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007) ("Conclusory,

3  speculative testimony in affidavits and moving papers is insufficient to raise genuine issues

4  of fact and defeat summary judgment.").

5          The evidence before this Court demonstrates that Defendant Oger is "a United Arab

6  Emirates corporation headquartered in Dubai, operating in Dubai's International Financial

7  Center as its principal place of business, . . . and does not operate in the United States."  Def.

8  Oger's Mot. to Dismiss [Doc. 30], at Exh. "A" ¶ 3.  Further, "Oger indirectly controls Türk

9  Telekomünikasyon A.Ş. (a Turkish Company) which owns a majority of Sebit Eğitim Ve

10 Bilgi Teknolojileri A.Ş. (another Turkish Company) which, in turn, owns Defendant Sebit,

11 LLC (an American company)."  *Id.* at Exh. "A" ¶ 4.  Defendant Oger "is a Dubai-based

12 emerging-markets telecommunications group that does not operate in the United States[, and]

13 Türk Telekomünikasyon A.Ş., an indirectly owned subsidiary of Oger, is a leading provider

14 of telecommunications services in Turkey."  *Id.* at Exh. "A" ¶ 7.  Defendant Oger "has no

15 office in Arizona, owns no property in Arizona, is not registered to do business in Arizona,

16 does not hold itself out as doing business in Arizona, does not sell products or services in

17 Arizona, does not advertise its products or services in Arizona, and does not generate income

18 in, or pay taxes to, Arizona."  *Id.* at Exh. "A" ¶ 5.  "The purposeful availment requirement is

19 designed to ensure that a defendant is not subjected to suit in a jurisdiction through random,

20 fortuitous or attenuated contacts."  *AT & T*, 94 F.3d at 590 (*citing Burger King Corp. v.*

21 *Rudzewicz*, 471 U.S. 462, 475, 105 S.Ct. 2174, 2183, 85 L.Ed.2d 528 (1985)).  The Court

22 finds Defendant Oger's contacts with the forum state too attenuated to constitute purposeful

23 availment with the forum.  The Court finds that Plaintiff has failed to meet his burden to

24 demonstrate that Defendant Oger has the requisite minimum contact with the forum state.

25

26

27

28

1   Therefore, this Court is without personal jurisdiction over Defendant Oger.   As such,

2   Plaintiff's claims against Defendant Oger shall be dismissed.[3]

3       *G. Change of Venue*

4       Defendant Sebit, LLC seeks a change of venue from the Tucson Division to the

5   Phoenix Division of the District of Arizona.   Def. Sebit, LLC's Mot. for Change of Venue

6   [Doc. 15].   Defendants Myers and Bowler seek to join in that motion.   *See* Defs. Myers and

7   Bowler's Mot. to Join in Request for Change of Venue [Doc. 18].   In light of Defendants

8   Myers and Bowler's dismissal from this lawsuit, their motion to join shall be denied as moot.

9       Section 1404(a), 28 U.S.C., provides that "[f]or the convenience of parties and

10  witnesses, in the interest of justice, a district court may transfer any civil action to any other

11  district or division where it might have been brought or to any district or division to which all

12  parties have consented."   "Unless otherwise ordered by the Court, all civil and criminal cases

13  founded on causes of action (1) arising in the Phoenix division shall be tried in Phoenix[.]"

14  LRCiv. 77.1(c).   The Phoenix Division is defined as comprising the following counties:

15  Maricopa, Pinal, Yuma, La Paz, and Gila.   LRCiv. 77.1(a).   "[T]he district court has discretion

16  'to adjudicate motions for transfer [pursuant to 28 U.S.C. § 1404(a)] according to an

17  individualized, case-by-case consideration of convenience and fairness.'"   *Jones v. GNC*

18  *Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000).   A court may consider various factors

19  including the plaintiff's choice of forum, the respective parties' contacts with the forum, the

20  contacts relating to the plaintiff's cause of action, and the ease of access to sources of proof.

21  *Id.* at 498-99.

22      Here, it is undisputed that the issues in this case arose during Plaintiff's employment

23  in Maricopa County, Arizona.   Witnesses to the alleged events are available in Maricopa

24  County, as are corporate records.   Plaintiff asserts his belief that "the relationships of the

25  Defendants attorneys, the involvement of the Attorney General's office in Phoenix, and the

26

27      [3]Because the Court finds Defendant Oger does not purposefully avail itself of the
    forum and the Court therefore lacks personal jurisdiction, the Court declines to reach the
28  other issues raised in Defendant Oger's Motion to Dismiss [Doc. 30].

1   Phoenix Judges would provide an unfair advantage to the Defendants." Pl.'s Resp. to Def.

2   Sebit's Mot. to Change Venue and Defs. Myers and Bowler [sic] to Join in Request [Doc. 21]

3   at ¶ 5.  The Court finds that Plaintiff's concerns are unfounded.  The independent federal

4   judiciary in Phoenix are as capable as their Tucson colleagues of presiding over this cause of

5   action and affording all litigants fair access to the courts.  Accordingly, the Court finds that

6   the Phoenix Division of the District of Arizona is the appropriate location for this cause of

7   action. *See* LRCiv. 77.1.

8          *H.  Motion to Set*

9          Plaintiff has filed a Motion to Set Jury Trial [Doc. 32].  The Court finds this motion

10  premature.  Upon filing of this Order, this matter will be transferred to the Phoenix Division

11  of this Court, and the remaining Defendants will have an opportunity to file their respective

12  Answers.  The Court will then set a case management conference pursuant to Rule 16, Federal

13  Rules of Civil Procedure.  Accordingly, Plaintiff's motion to set is denied.

14         *I.  Motion for Default Judgment*

15         Plaintiff has filed a Motion for Default Judgment [Doc. 38].  Plaintiff's motion is

16  without merit.  As an initial matter it is unclear against whom Plaintiff seeks default.  Plaintiff

17  names defendant "Oger Telekom" in his affidavit; however, no such defendant exists in this

18  litigation.  Furthermore, Defendant Oger Telecom Limited has filed its motion to dismiss and

19  thereby responded to Plaintiff's Complaint pursuant to the Federal Rules of Civil Procedure.

20  *See* Fed. R. Civ. P. 12.  Additionally, Plaintiff's motion fails to comply with Rule 55, Federal

21  Rules of Civil Procedure, which governs default judgments.  Accordingly, Plaintiff's motion

22  is denied.

23

24         Accordingly, IT IS HEREBY ORDERED that:

25         1)     Defendants' Myers and Bowler Motion to Dismiss [Doc. 12] is GRANTED in

26  part and DENIED in part.  Defendants Myers and Bowler are dismissed from this cause of

27  action;

28

1      2)    Defendants' Myers and Bowler Motion to Join in Request for Change of Venue

2  is DENIED AS MOOT.

3      3)    Defendant Sebit, LLC's Motion to Dismiss Pursuant to Federal Rule of Civil

4  Procedure 12(b)(5) [Doc. 14] is DENIED;

5      4)    Defendant Arizona Board of Regents' Motion to Dismiss [Doc. 17] is

6  GRANTED in part and DENIED in part.  Counts 1, 5 and 6 are dismissed as to Defendant

7  ABOR, and an Answer will be required as to Counts 2, 3 and 4;

8      5)    Defendant Oger Telecom's Motion to Dismiss [Doc. 30] is GRANTED;

9      6)    Plaintiff's Motion to Set [Doc. 32] is DENIED;

10      7)    Plaintiff's Motion for Default Judgment [Doc. 38] is DENIED;

11      8)    Defendant Sebit LLC's Motion for Change of Venue [Doc. 15] is GRANTED;

12  and

13      9)    The Clerk of the Court is directed to transfer this case to the Phoenix Division

14  of the District of Arizona.

15      DATED this 12th day of July, 2012.

16

17                       Cindy K. Jorgenson
                      United States District Judge

18

19

20

21

22

23

24

25

26

27

28