**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Matthew Murphy, | ) | No. CV-12-01509-PHX-FJM |
| Plaintiff, | ) ) ) | **ORDER** |
| vs. | ) ) | |
| Sebit LLC, et al., | ) ) | |
| Defendants. | ) ) ) | |

We have before us defendant Arizona Board of Regents' ("ABOR") motion for summary judgment (doc. 60), defendant's statement of facts in support ("DSOF") (doc. 61), plaintiff's response (doc. 65), defendant's reply (doc. 70), plaintiff's sur-reply (doc. 73), plaintiff's supplemental response (doc. 88), and defendant's motion to strike plaintiff's supplemental response (doc. 90).

As an initial matter, we grant defendant's motion to strike plaintiff's supplemental response pursuant to LRCiv 7.2(m)(1). LRCiv 7.2 allows only a motion, a response, and a reply. For the same reasons, we strike plaintiff's sur-reply. Nevertheless, the arguments in both the sur-reply and the supplemental response do not change our resolution of defendant's motion for summary judgment.

**I**

On a motion for summary judgment we accept undisputed facts as true and review

1  disputed facts in the light most favorable to the non-moving party. <u>Anthoine v. N. Cent.</u>
2  <u>Cntys. Consortium</u>, 605 F.3d 740, 745 (9th Cir. 2010). We may consider any fact asserted
3  by one party that is not addressed by the opposing party as undisputed for the purposes of
4  the motion. Fed. R. Civ. P. 56(e)(2). Similarly, any disputed fact that a party does not
5  support with admissible evidence is insufficient to defeat summary judgment. <u>Taylor v. List</u>,
6  880 F.2d 1040, 1045 (9th Cir. 1989). Here, plaintiff did not controvert defendants' statement
7  of facts, as required by LRCiv 56.1(b). Accordingly, we accept defendants' statement of
8  facts as true.

9        Plaintiff worked for Sebit LLC ("Sebit") between March 2009 and April 2010 as a
10 special projects marketing manager. During plaintiff's employment, Sebit had a contractual
11 relationship with ABOR governed by the Enterprise Arizona Venture Center License
12 Agreement (the "Agreement"). ABOR entered the agreement for and on behalf of Arizona
13 State University ("ASU"). Under the Agreement, ASU agreed to allow Sebit to use ASU
14 facilities located at SkySong, and to provide business development assistance. Sebit agreed
15 to support ASU by hiring its students and graduates, and by making classroom presentations.
16 The Agreement specifically states that neither Sebit nor any of its personnel "will for any
17 purpose be considered employees or agents of [ASU]." Doc. 61, ex. 1.

18       After Sebit terminated plaintiff's employment in April 2010, he filed a claim with the
19 Equal Employment Opportunity Commission (EEOC) alleging discrimination and retaliation.
20 After the EEOC issued a "no cause" finding, plaintiff filed this action alleging (1) violation
21 of the Americans with Disabilities Act ("ADA"); (2) sex discrimination in violation of Title
22 VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq*. ("Title VII"); (3) hostile
23 work environment in violation of Title VII; (4) retaliation in violation of Title VII; (5) assault
24 and battery; and (6) intentional infliction of emotional distress. The court dismissed counts
25 1, 5 and 6 against ABOR. Doc. 43, at p. 16, ¶ 4. Defendant argues it is entitled to summary
26 judgment on the remaining counts, which all arise under Title VII, because plaintiff cannot
27 establish an employment relationship with ABOR.

28                                   **II**

1    Summary judgment is appropriate if the evidence, viewed in the light most favorable
2  to the nonmoving party, shows "that there is no genuine issue as to any material fact and that
3  the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary
4  judgment is also appropriate against a party who "fails to make a showing sufficient to
5  establish the existence of an element essential to that party's case, and on which that party
6  will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct.
7  2548, 2552 (1986).

8    Title VII prohibits employers from discriminating against individuals with respect to
9  compensation, terms, conditions, or privileges of employment on the basis of race, color,
10 religion, sex, or national origin. 42 U.S.C. § 2000e–2(a). For Title VII to apply, there must
11 be a direct or indirect employment connection between the plaintiff and the employer-
12 defendant. Anderson v. Pacific Maritime Ass'n, 336 F.3d 924, 930 (9th Cir. 2003)(citing
13 Lutcher v. Musicians Union Local 47, 633 F.2d 880, 883 (9th Cir. 1980)). A connection is
14 direct where the defendant solely or jointly employed the plaintiff at the time the conduct
15 occurred. E.E.O.C. v. Pacific Maritime Ass'n, 351 F.3d 1270, 1275 (9th Cir. 2003). A
16 defendant may be liable as an indirect employer where the defendant had "some peculiar
17 control over the employee's relationship with the direct employer," and the defendant's
18 conduct constitutes discriminatory interference with the plaintiff's employment opportunities
19 with the direct employer. Anderson, 336 F.3d at 932.

20   Here the undisputed facts demonstrate that plaintiff was employed by Sebit, not
21 ABOR, at all times relevant to this action. Complaint ¶ 2. Therefore, ABOR could not have
22 been plaintiff's sole employer. A joint employment relationship exists if "both employers
23 control the terms and conditions of employment of the employee." Pacific Maritime Ass'n,
24 351 F.3d at 1275. The Agreement between Sebit and ABOR specifically states that Sebit
25 "assumes full responsibility for the actions of its personnel and "is solely responsible for their
26 supervision, daily direction and control, payment of salary, workers compensation and
27 disability benefits." DSOF ¶ 1. Moreover, plaintiff has not presented any evidence that
28

ABOR hired or fired plaintiff, paid his salary, or controlled his actions at work. Accordingly, there is no evidence that ABOR jointly employed plaintiff.

Plaintiff argues that ABOR was an indirect employer because Paul Skiera acted as a dual agent for ABOR and Sebit. However, the undisputed facts do not establish that Skiera or ABOR interfered with plaintiff's employment opportunities with Sebit. Skiera signed plaintiff's offer letter as the director of business development strategic partnerships for Sebit. Doc. 65, ex. 1. Plaintiff has offered no evidence that Skiera acted as a dual agent. Nor has he presented evidence to show that Skiera adversely interfered with plaintiff's employment. Moreover, plaintiff has not shown that ABOR influenced Sebit's decision to terminate his employment, or that ABOR had the power to correct the allegedly hostile work environment. Accordingly, plaintiff has not established that ABOR interfered with his employment relationship with Sebit.

Plaintiff argues that ABOR is not entitled to summary judgment because it has not provided documents showing that it does not share intellectual property, profits, and revenue with Sebit. We disagree. Such documents are not relevant to whether there is an employment relationship between plaintiff and ABOR. Because plaintiff cannot establish a direct or indirect employment relationship with ABOR, plaintiff's Title VII claims, counts 2, 3, and 4, against ABOR fail as a matter of law. Thus, we need not reach the issue of exhaustion of administrative remedies.

**IT IS ORDERED GRANTING** defendant's motion to strike (doc. 90).

**IT IS FURTHER ORDERED GRANTING** defendant's motion for summary judgment (doc. 60).

DATED this 9th day of April, 2013.

*Frederick J. Martone*
Frederick J. Martone
Senior United States District Judge